Rec'd
FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS
JAN 30 2015
CHRISTOPHER A. PRINE
CLERK

In Re:
Ted Lawrence Robertson

§ In The Texas Court
§ Of Criminal Appeals

- Motion For Leave To File Petition For Writ Of Mandamus -

To The Honorable Judges/Justices Of Said Court:

Comes Now Ted-Robertson, Relator Pro-Se In The Above-Captioned Cause, And Respectfully Moves The Court For Leave To File A Petition For Writ Of Mandamus, In The Above-Captioned Cause. And, In Support Thereof, Relator Would Show The Court, The Following:

I

"Relator Sirs Having Been Informed Of The Judgements Issued By Relevant Texas First-(1ST) Court Of Appeals In Cause #01-14-00166-CR," To Wit; "Failure To Compel The 174th Harris County District Court To Vacate And/Or Arrest The "Void" Never-Pro-Tunc Judgement, Issued By 174th Harris County District Court In Cause #946,376 On February 11, 2009," (R#39, #59)(R#83)

"Said Never-Pro-Tunc Judgement (R#59) Is, VOID," Because In The Alt, THE 174th District Court Lacked Subject-Matter Jurisdiction, 174th District Court Failed To Inform Relator With Notice Of ____ "Where-A-Cy," Said "Notion For A Nunc-Pro-Tunc Judgement," As Mandated By Texas Rules Of Penal Procedure #31.6 and 11.6, Which "Is A Failure To Comply With A Mandatory Statutory Procedure Requirement," And "174th District Court's Said Nunc-Pro-Tunc Judgement, Attempts To Correct," "If Any Error At All" "A Judicial Error By Trial Judgement" After Sentencing By 174th Trial Court, Having Made A Clearly Erroneous Issue Cause #946,376"

"To Vacate (Vacated) Rendition Of Judgement, In Cause #946,376," Was Taken By 174th Trial Court Judge Issuing A Decision On Imprisonment," Which Is Not, Nunc-Pro-Tunc Judgement (R#59) Was "Granted February 11, 2009,"

(Motion For Leave To File)

By "New" 174 Trial Court Judge Preston Crawford", Some "Five (5-6)-Six Years Af-Ter" Conviction In Cause# W96-376," (R.#79) And "Long After Relator Filed Direct Appeal, Petition (P.D.R.) For Discretionary Review, Several 11.07 Habeas Corpus Applications And §2254 Federal Writ Habeas Corpus Applications." However, "Inspite In Of This," The "Respondent Thus First Court Of Appeals Opinion Acknowledges Relief In Cause#01-14-00466-CR Concludes" That "The 174th District Court's Failure To Comply With The Mandatory Imperative Statutory Mandates," Of "Notice," As "Required By Texas Rules Of Civil Procedure 306," "A.R. Failed To Change Said Nunc-Pro-Tunc Judgment/Notes, And Changing That 174th District Court's Oral Pronouncement At Trial, Controlling Matters, Over Trial Court's Written Rendition of Judgment." (Alexander-v-State, 288 W.3d 180-Ex.#02, #59, #33-Harris-v-State, 896 S.W.2d 39,361-Eubanks-v-Spm, 399 S.W.2d 815, 817-Mize-v-State, 787 S.W.2d 580, 582-Jemmers-v-State, 743 S.W.2d 783, 784-Jackson-v-State, 180 W.3d 793-Ex.#33, #59, #23)

**II**

"Relator Seeks To Invoke Jurisdiction of This First Court Of Appeals, To Compel/Mandamus Invoke Its Jurisdiction Thereon, To Cause "01-14-00466-CR", to wit," "Consequent Failure To Grant Mandamus Relief, Also Forcing 174th District Court, To Vacate Its Sr-Alone Nunc-Pro-Tunc Judgment, In Cause# W96-376, Issues Pre 11.007." (R.#23) "Relator Cannot Seek Review Of Matters Of, The Court Of Appeals By P.D.R. Petition For Discretionary Review. (Greene-v-State, 617 S.W.2d 724, 726-Ex.#20, 19, #33) While A Nunc-Pro-Tunc Judgment Is An Appealable Event," The "Relator Was Given Notice Of Said Nunc-Pro-Tunc Motion/Judgment," For "When Relator Was Notified That Said Nunc-Pro-Tunc Judgment Hearing Issued In Cause#01-14-00466-CR In December, 2014, All Time Periods For Granting Notice Of Appeal," Before "Relator Any Type Appeal Had Expired, And Thus Relator Was Denied Due Process, And Or Opportunity For Review Or Appeal." "Said Relator Has No Remedy At Law From Matters Herein, Judgment Of The 174th District Court, Nor Respondent Thus First Court Of Appeals," And Relator Has Shown The Relief/Appeal To This Motion For Leave To File," That "The Petitioner Herein"

Judgments Of 174th District Court, In The "Reformed Texas First Court Of Appeals" Constitute "An Abuse Of Discretion", Number "That 174th District Court and/or Reformed Texas First Court Of Appeals, Failed", To "Perform A Ministerial Duty", The Relator Is Entitled To Mandamus Relief", and "Relator Should Be Allowed To File This Petition For Writ Of Mandamus", Because "Relator Has No Remedy At Law To Challenge The "Actions, In Actions, Judgments Of 174th District Court and/or Reformed Texas First Court Of Appeals" That's "Appealable, Or Otherwise, Other Than By Mandamus." (Moore-v-8th Court Of Appeals Of Texas, 974 SW-2nd 540-In re-os-b-Stph, 613 SW-2nd 734, 736-V. #22, 09 #23)

"The Act Sought To Be Compelled," to wit; "For 174th District Court To Vacate Said None-Pro-Tunc Judgments." & "A Ministerial Duty," Because "None Pro-Tunc Judgment Is Necessary Thus Reformed Texas First Court Of Appeals Failed To Perform Ministerial Duty," To Wit; "Cause 174th Court To Vacate Said None Pro-Tunc Judgment." (Here below 212 SW-3rd 497)

## VII

"This Court Be Clear on Appeal Similar Thereof Reformed Texas First Court Of Appeals, Decision, To Allegedly Rely On Void Pronouncement Of Judgment At Trial In Cause #940-376, Instead of Relying On The Written Writ That Renders Or Judgment In Cause #940-376," Which "Is Contrary To Texas Fourteenth Court Of Appeals Opinion" In "Tigner-v-State, 380 SW-3rd 743," and This Court Cleared Appeals Opinions," In "Abron-v-State, 537 SW-2nd 261, 269 and Eubanks-v-State, 599 SW-2nd 815, 817," Which States In Relevant Part; "When A Court Be Inconsistency Their Courts Written Record," and "Its Oral Pronouncement At Trial, The "Written Order Controls." And, "Whether Written Order Controls Is An Important Issue Of Law" and "Respondent Texas First Court Of Appeals FAILURE" To Abide By Written Records As "Written Writs Issue Be Judgment In Cause #940-376 (Pg. #2) Because A Conflict Between "The" Texas Fourteenth Court Of Appeals Opinion In Tigner-v-State, 380 SW-3rd 743 and "Texas First Court Of Appeals In Cause #01-14-00946-CR, and "This Case Involves The Construction, Application, and/or Validity Of Those Rules Of Civil Procedure 940-376, "If a," to wit; "Whether Notice Is A Jurisdictional Mandatory Statutory Statute,"

and "Injurious Constitutional Issues," to wit; Column 279th Appeal Court's "FAILURE" To Remove Petition Upon Notice Of Motion For Abate The True Indictment, "Constitute "Denial Of Due Process under Equal Protection," and/or ▓▓▓▓▓▓ "Whereas The 179th District Court Of Subject-Matter Jurisdiction," This Court Be Decerned Panels Should Deem Absolute, The Trans First Court Of Appeals Has Require This Mix Issue Of Law, Be even Indentative To State's Jurisprudence, That It Should Be Constru, to wit; "To Totally Disregard, The Texas Rules Of Civil Procedure #216, Requirement Of Notice Setting", Consideration Of An Affidavit Without Trial", and "Before Adjudicating The Declinal Objection, Conviction Of Punishment."

Wherefore Premises Considered, Relator Prays That "This Court Shall Grant Relator Leave To File This Petition For Writ Of Prohibition, and Process The Attached Petition For Writ Of Prohibition, With Exhibits #2, #29 and #33 To The Trans Court Of Criminal Appeals For Incorporation."

Right Fully, Submitted,

(M Robertson (Pro-Se)

## Certificate Of Service

"I, Joel Robertson, #1175565, Pro-Se, Presently Confined At Attached Unit, Of T.D.C.J., Under Penalty Of Perjury, That The Foregoing Is True And Correct, and That A True, and Correct Copy Of This Document, Was Sent / Mailed To Respondent Trans First Court Of Appeals, At Trans First Court Of Appeals, C/o Clerk-Christopher Prine, 301 FANNIN, Houston, Tx, 77002, By Deposit In Said Same In Attached Unit's Internal Mail, Between Parties On January 03, 2025"

(M Robertson (Pro-Se)

Executed January 03, 2025

-C.C.A. # 01-14-00466-CR-
-Trial Court Cause # 940376-

-IDENTITY OF PARTIES-

Relator:
Mr. Ted Lawrence Robertson
#1175868
Michael Unit
2664 F.M. 2054
Tennessee Colony, Tx. 75886

Respondent:
Court Of Appeals For First District Of Texas
Chief Justice Shirley Radack and Justices Jennings and Keyes
301 Fannin St.
Houston, Tx. 77002-2066

Respondent:
Hon. Judge Ruben Guerrero
174th Harris County District Court
1201 Franklin
(Harris County Criminal Justice Center)
Houston, Tx. 77002

## Table Of Contents

| | Page |
|---|---|
| Identity Of Parties | i |
| Table Of Contents | ii |
| Index Of Authorities | iii + iv |
| Statement Of The Case | 2, 3, 4 |
| Statement Of Jurisdiction | 5 |
| Issues Presented | 5 |
| Statement Of Facts | 5, 6 |
| Argument | 7,8,9,10,11,12,13,14,15,16,17,18,19,20,21 |
| Prayer | 21 |
| Certification | 22 |
| Appendix | 22, 23 |
| Certificate Of Service | 23 |
| Affidavit Of Inability To Pay Costs | 24, 25 |

## -Index Of Authorities-

| Case: | Page # |
|---|---|
| Abdnor v. State, 537 S.W.2d 967 - | 11, 16, 19, 20 |
| Amateur Athletic Found. v. Hoffman, 893 S.W.2d 602 - | 21 |
| Blanton v. State, 369 S.W.3d 894 - | 10, 12 |
| Conely, In re: 258 S.W.3d 338 - | 21 |
| Dunn v. State, 938 S.W.2d 33 - | 17 |
| Eubanks v. State, 599 S.W.3d 815 - | 11, 16, 19, 20 |
| Francis v. State, 792 S.W.2d 783 - | 11, 16 |
| Fuselier, In re: 56 S.W.3d 365 - | 8, 13, 20 |
| Hernandez v. State, 988 S.W.3d 180 - | 8, 9, 10, 11, 13, 16, 17, 18, 19, 20, 21 |
| Holland v. Holland, 357 S.W.3d 192 - | 15 |
| Hubbard v. State, 846 S.W.2d 359 - | 11, 16, 19 |
| Ikenne v. State, 180 S.W.3d 795 - | 9, 11, 16, 19, 20 |
| Lawell. FW Turley v. Texas, 140 S.W.3d 407 - | 7 |
| Moore v. State, 787 S.W.2d 580 - | 11, 16 |
| Mosley v. Jackson, 222 S.W.3d 797 - | 15, 18, 20 |
| Mullen v. Woods, 873 S.W.2d 343 - | 18 |
| Offices Nasjonal Liquidators, In re: 844 S.W.3d 800 - | 21 |
| Robertson v. State, 245 S.W.3d 359 - | 12 |
| Robinson, Judd State ex rel., 116 S.W.3d 115 - | 15, 18, 21 |
| Retana Gutz. Verne v. McSherry, 208 S.W.3d 475 - | 9, 16, 17 |
| Shaw v. State, 539 S.W.2d 887 - | 10 |
| Stewart, In re State ex rel., 143 S.W.3d 497 - | 20 |
| West Texas State Hosp. v. Bush Mgr., 733 S.W.2d 304 - | 7 |
| Walker v. Packer, 827 S.W.2d 833 - | 14, 15, 17, 18 |
| Walker v. State, 60 S.W.3d 344 - | 16 |
| Watson v. State, 903 S.W.2d 809 - | 12 |

## -INDEX OF AUTHORITIES-

### -STATE STATUTES / STATE LAW

Page #

Texas Rules Of Court Procedure # 316 — 7, 8, 9, 10, 12, 13, 14, 15, 17, 18, 20, 21

Texas Rules Of Court Procedure # 21a — 7, 8, 9, 10, 12, 13, 15, 17, 20, 21

Texas Rules Of Court Procedure # 306(a) — 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 20, 21

Texas Rules Of Court Procedure # 306(f) — 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 20, 21

Texas Penal Code, § 12.34 — 10

Texas Penal Code, § 25.07(g) — 12, 13

In Re:                              x  In The Texas Court
Ted Lawrence Robertson            x  Of Criminal Appeals

-Petition For A Writ Of Mandamus-

To The Honorable Justices Of Said Court:
    Comes Now, Ted L. Robertson, Relator Pro-Se, In The Above Captioned Cause,
And Pursuant To
Respectfully Move The "Court To Issue An Order /Writ Of Mandamus" That
Commands The Respondents Court Of Appeals For First District Of Texas and
Chief Justice Sherry Radack and Justices Jennings and Keyes, To "Reverse
The Judgment In Cause # 01-14-00466 CR," And "Order The 174th Harris
County District Court To Vacate, and/or 'See Above, The Nunc-Pro-Tunc
Judgment, Issued By 174th Harris County District Court, In Cause
#940376, On February 11, 2009." (Ex.# 29)(Ex.# 23)
    Relator Respectfully Moves The Court To, "Take Judicial Notice" Of
"Relators Attachments /Exhibits", to wit;
① "Exhibit #22- Original Written Rendition Of Judgment, In Cause#940376,
Signed By 174th Trial Court Judge George H. Godwin, On June 10, 2003" to wit,
"Certified Document # 15434/35, Pages 1-3"                    (Ex.22)
② "Exhibit #29- Nunc-Pro-Tunc Judgment, Issued By 174th Harris County
District Court, In Cause #940376, On February 11, 2009", to wit; "Certified
Document #4106 9959, Pages 1-4."                             (Ex.#29)
③ "Exhibit #23-Memorandum Opinion, Issued By Court Of Appeals,
In Cause #01-14-00466-CR.                                    (Ex.#23)

# C.C.A.# 01-14-00466-CR
## -Trial Court Cause# 940376-

Relator Respectfully Moves The Court To, "Take Judicial Notice" Of The Fact "That, The "Court, Of Appeals, For First (1st) District Of Texas, "Failed/Refused" To Request A Response From The 174th Harris County District Court," Instead "The Court Of Appeals Filed A Response For The 174th Harris County District Court", In "The Form Of" The "Judgement Issued In Cause# 01-14-00466-CR." (R.#73)

And In Support Thereof, Relator Would Show The Court, The Following:

## I
## -Statement Of The Case-

① "June 30, 2003, Relator Was Convicted In Cause #940376, In 174th Harris County District Court", Of "Alleged Offense Of Violations Of A Protective Order," Which Is "A Class-A Misdemeanor", That Was "Enhanced Into Third (3rd) Degree Felony," Due To "Indictment's Allegations Of Assault." (R.#56

② "Punishment/Sentence, In Cause #940376", Was "Assessed and/or Increased At Twenty Five (25) Years." (R.#72)

③ "June 30, 2003, 174th Trial Court Judge 'George H. Godwin', Rendered and/or Signed", The "Original Written Rendition Of Judgement In Cause #940376", Which Is "Relator's Exhibit #72." (R.#72)

④ "The, 174th Harris County District Court" Lost Plenary Jurisdiction (Plenary Power, Over Cause "940376, On Or About November 31, 2003. (R.#72) Tx. R. C.P.R.#329 b (d)

**- C.C.A. # 01-24-00466-CR -**
**- Trial Court Cause # 940376 -**

⑤ "Original, Written Rendition Of Judgement, In Cause #940376", States In Pertinent Part:

"Plea To Enhancement(S): 1st Paragraph (N/A) - Not Applicable", (R.#30)

"Plea To Enhancement(S): 2nd Paragraph (N/A) - Not Applicable", (R.#33)

"Finding On Enhancement(S): 1st Paragraph (N/A) - Not Applicable, (R.#33)

"Finding On Enhancement(S): 2nd Paragraph (N/A) - Not Applicable," (R.#33)

⑥ "Original, Written Rendition Of Judgement, In Cause #940376", Was Issued And Signed, On June 20, 2003", Therefore, "174th Harris County District Court Plenary Power / Jurisdiction, Over Cause # 940376", Had "Expired On Or Before, December 31, 2003". (R.#22 - T.R.C.P. # 329b(d).

⑦ "February 11, 2009", The "174th Harris County District Court Signed And/Or Issued", A "Nunc-Pro-Tunc Judgement In Cause #940376", That "Altered And/Or Modified, The Original Written Rendition Of Judgement In Cause #940376, That Was Signed By 174th Trial Court Judge, George H. Godwin, On June 20, 2003". (R.#22 - #39 T.R.C.P. #329b(d)(f).

⑧ "Nunc-Pro-Tunc Judgement, In Cause #940376", States, In Pertinent Part:

"Plea To Enhancement(S): 1st Paragraph - Not True, (R.#39)

"Plea To Enhancement(S): 2nd Paragraph - Not True", (R.#39)

"Finding On Enhancement(S): 1st Paragraph - True, (R.#39)

"Finding On Enhancement(S): 2nd Paragraph - True," (R.#39)

## -C.C.A. #01-14-00466-CR-
## -Trial Court Cause #940376-

(9) "274th Harris County District "FAILED" To Provide Relator With Notice Of, And/Or A "Hearing On," Said "Motion For Nunc-Pro-Tunc Judgment, As "Required By Law, And/Or Texas Rules Of Civil Procedure #316, #21a, And/Or #329b (d)(f)." (Tx.R.C.Proc. #316, #21a, #329b (d)(f)

(10) "Nunc-Pro-Tunc Judgment, Rendered By 274th Harris County District Court, In Cause #940376, On February 11, 2009, Is "VOID", Due To A "Lack Of Jurisdiction/Lack Of Plenary Power, By 274th District Court. (Tx. #33 & #34 - Tx.R.C.Proc. #329b (d)(f) #316, #21a)

(11) "274th District Court's "FAILURE" To Provide Relator With Notice Of, And/Or A Hearing On, Said "Motion For Nunc-Pro-Tunc Judgment, As Required By Law", And/Or "Texas Rules Of Civil Procedure #316, #21a, And/Or 329b(d)(f)", Constitutes "Denial Of Due Process And/Or Equal Protection Of Law. (Tx. #33, #34 - Tx.R.C.Proc. #316, #21a, #329b (d)(f)

(12) "Court Of Appeals' "FAILURE" To Request A Response From 274th District Court, And/Or "Court Of Appeals Sua Sponte Denial Of Relief" And/Or Judgment In Cause #01-14-00466-CR", Constitutes "Denial Of Due Process And/Or Equal Protection Of Law, And/Or "ABUSE OF DISCRETION. (Tx. #33, #34 - Tx.R.C.Proc. 316, #21a, #329b (d)(f) (U.S. Const. 14th Amd.)

(13) In December 2009, Or Early 2010, Relator Filed A Motion To Vacate And/Or Set Aside, Said "Nunc-Pro-Tunc Judgment, In "274th District Court.

## C.C.A. # 01-14-00466-CR
## Trial Court Cause # 940376

## - Statement Of Jurisdiction -

"This Court Has Jurisdiction To Correct A Mere Abuse Of Discretion" And/Or "A Failure To Perform A Ministerial Duty."

## - Issues Presented -

(1) Void Nunc-Pro-Tunc Judgment
(2) Non-Clerical Error / Correction
(3) Abuse Of Discretion
(4) Failure To Perform A Ministerial Duty
(5) No Adequate Remedy By Appeal
(6) No Other Adequate Remedy By Law

## - Statement Of Facts -

(1) Void Nunc-Pro-Tunc Judgment:
(A) Nunc-Pro-Tunc Judgment Rendered In Violation Of Texas Rules Of Court Procedure Rule # 316, # 329b (d)(f), + # 21.a
(B) Nunc-Pro-Tunc Judgment, Attempts To Correct, If Anything At All, An Alleged Judicial Error / Judicial Omission, After Expiration Of Trial Courts Plenary Power / Plenary Jurisdiction

## C.C.A.# 01-14-00466-CR
## Trial Court Cause # 940376

② Non-Clerical Error

(A)- Nunc Pro-Tunc Judgment, Alters An Element Of The Original Written Rendition Of Judgment, That Is The Result Of Judicial Reasoning, Another Judicial Determination, And Facts To Be A Clerical Error

③ Abuse Of Discretion

(A) Respondent [Texas First (1st) Court Of Appeals, Failed To Analyze Or Properly Apply The Law Correctly, To The Facts

(B) Respondent [Texas First (1st) Court Of Appeals, Could Reasonably Have Reached Only One Decision, Concerning Nunc-Pro-Tunc Judgment

④ Failure To Perform A Ministerial Duty

(A) Respondent [Texas First (1st) Court Of Appeals, Had A Ministerial Duty To Issue An Order, And/or Writ Of Mandamus, That Directs The 179th Harris County District Court, And/or Judge Kristen Guerrero, To Vacate, Set-Aside, And/or Rescind The Nunc-Pro-Tunc Judgment, Issued February 11, 2009, In Cause #940376

⑤ No Adequate Remedy By Appeal

(A) Relator, Cannot Seek, Review Of The Court Of Appeals' Decision, By (PDR) Petition For Discretionary Review

⑥ No Adequate Remedy By Law

(A) Relator Has No Other Adequate Remedy At Law, To Challenge The Court Of Appeals' Action, Decision, And/or Judgment, Other Than By Mandamus

C.O.A.#-01-14-00966-CR-
-Trial Court Cause # 940376-

-ARGUMENT-

## I. VOID NUNC-PRO-TUNC-JUDGMENT-I

The "Nunc-Pro-Tunc Judgment, Issued By The 174th Harris County District Court, In Cause #940376, On February 11, 2009," Is "VOID," (R.# 25, 29) Because "Waiver Was Denied Notice Of," And "Hearing On," The "Motion For A Nunc-Pro-Tunc Judgment." (T.R.C.P. Rule # 316, #316 a)

"When Trial Court Modifies A Judgment, ... The Trial Court MUST Not Pursuant To A Motion, And Must Provide Notice And Hearing." (Law Offices Of Wade Tinley v. French 140 SW.3rd 407- T.R.C.P. Rule # 316, #316 a)

"The Original Written Judgment Of Judgment, In Cause #940376," Was "Issued And Signed On June 10, 2003," And Therefore "The 174th Harris Courts Plenary Power / Plenary Jurisdiction Over Cause #940376" Tho "Expired On Or Before December 31, 2003," Insofar "According To Texas Rules Of Civil Procedure Rule # 329b (d) Courts (174th) Plenary Power / Jurisdictional Expired (30) Thirty Days After June 10, 2003," to wit, "On July 10, 2003" (E.# 33- T.R.C.P. Rule # 329b (d) #) #316, #316 a)

"Failure To Give All Interested Parties, Notice Of The Motion / Modification To Correct Judgment By Nunc-Pro-Tunc Judgment 'AFTER' Expiration Of Trial Courts Plenary Jurisdiction / Power, Renders Any Corrected, A "NULLITY" (Whites State Bank-v-Gen. Res. Mgmt. Corp. 722 SW.2nd 301- Gr.# 33, 39- T.R.C.P.# 316, #316 a, #329b (d) #)

"The Records In Cause #940376, 'FAILS' To Reveal That The 174th Court Complied, With The Mandate Of The Texas Rules Of Civil Procedure Rule #316, #316 a, Insofar #329b (d) (#). (R.# 33 #39-T.R.C.P.# 316 #316 a, #329b (d))

-C.A.N.d.- 01-14-00166-CR-
-Trial Court Cause #946376-

"The Nunc-Pro-Tunc Judgement, Issued By 174th District Court, In Cause #946376, On February 11, 2009 (Pg.#39) Is Also "VOID," Because The "Evidence Is Insufficient To Support The 174th District Court's Findings," And/Or The "Fourteenth Texas First (1st) Court Of Appeals' Inferred Findings," That "The Error Complained Of, In The Original Written Rendition Of Judgement, In Cause #946376," To Wit, "Plea To Both Enhancements, And Findings On Both Enhancements," (Pg.#39,#40) "Constitutes A Clerical Error." (Pg.#72-#39-Hernandez-v-Lopez 256 SW.3rd 180)

The "Original Written Rendition Of Judgement, In Cause #946376," States In Relevant Part:

"Plea To Enhancement(s): Paragraph #1, (N/A)-Not-Applicable    -(Pg.#39)
"Plea To Enhancement(s): Paragraph #2, (N/A)-Not-Applicable    -(Pg.#39)
"Finding On Enhancement(s): Paragraph #1, (N/A)-Not-Applicable  -(Pg.#39)
"Finding On Enhancement(s): Paragraph #2, (N/A)-Not-Applicable  -(Pg.#39)

The "Fourteenth Texas First (1st) Court Of Appeals," In "Hernandez-v-Lopez 256 SW.3rd 180," Has "Set The Precedent," And/Or Set The Standards Of Review," In "Cases Of Alleged 'Clerical Error,'" That's "Present In The Rendition Of Judgement." (Hernandez-Lopez 256 SW.3rd 180-Tex.R.a.#39-Tx.R.C.P.#316, 309b(d)(f))

"Hernandez-v-Lopez, 256 SW.3rd 180," States In Relevant Part:
"The Trial Court's Signing Of The 'Judgement,' Constitutes 'It's Rendition Of Judgement,' And 'Because The Error Complained Of, Was Present In The Trial Court's Rendition Of Judgement, For That Way, The 'Error Is Any,' Constitutes 'Judicial Error.'" (Hernandez-v-Lopez, 256 SW.3rd 180-Tex.a.#39-Tx.R.C.P.#316, #21 a, #309b(d)(f)

"Rendition Of Judgement Occurs When Judge's Decision Is Officially Announced, Either Orally In Open Court, Or By Signed Memorandum Filed With Clerk, And Any Clerical Error Upon The Mere Rendering Of A Motion." (Eng. Fis-Ind. 56 SW.#365-Pg.#39-Tx.R.C.P.#316, #21a, #309b(d)(f)

## -C.O.A.# 01-14-00466-CR-
## -Trial Court Cause# 946376-

"When Conflict Exists Between The Trial Court's 'Written Order', And 'It's Oral Pronouncement At Trial', The 'Written Order Controls'." (Jackson v State, 180 SW.3rd 793-Fn.#22,#29

"Trial Court's 'Docket Rendition Of Judgment', Is 'Always Judicial Error', Which 'May Not Be Corrected By Nunc-Pro-Tunc Judgment'." (Hernandez-v-Lopez, 288 SW.3rd 180-Fn.#22,#29-Tex.R.Crim.P.#316,#31 a #396b(a)(f)

"Even An 'Incorrect', Or 'Unintended Rendition Of Judgment', Does Not Constitute; An 'Error In The Entry' Or 'Rendition' Of The Judgment, And 'Cannot Be Corrected By A Nunc-Pro-Tunc Judgment'." (Hernandez v Lopez, 288 SW.3rd 180-Fn.#22,#29-Tex.R.Crim.P.#316, 396b(a)(f)

"Nunc-Pro-Tunc Judgment', That 'Attempts To Correct A Judicial Error 'AFTER' Plenary Jurisdiction Has Expired', Is 'Void' (Alvarez Onto-Roeper v Bd. of Cty., 238 SW.3rd 475-Hernandez-v-Lopez, 288 SW.3rd 180-Fn.#22,#29-Tex.R.Crim.P.#316, 396b(a)(f)

"Nunc-Pro-Tunc Judgments May Not Be Used' To 'Correct Judicial Omissions'." (White v State, 60 SW.3rd 344-Tex.R.Crim.P.#316,#396b(a)(f)-Fn.#22,#29)

"Even If Trial Court, Incorrectly Rendered Judgment, The 'Trial Court Cannot Alter A Written Judgment', That 'Necessarily Reflects The Incorrect Rendition'. (Hernandez v Lopez, 288 SW.3rd 180-Fn.#22,#29-Tex.R.Crim.P.#316,#396b(a)(f)

Thus, "The 174th Trial Court's Signing Of The Judgment, In Cause# 946376", (P.#9) Constitutes "The Trial Court's Rendition Of Judgment", And "Because The Judge Complained Of, to-wit; 'Plea To Both Enhancements', And 'Evidence On Both Enhancements' Was 'Present In The 174th Trial Court's Rendition Of Judgment, On That Day", Of "June 10, 2003", Then "The Error, If Any, Constitutes 'Judicial Error'. (Hernandez-v-Lopez, 288 SW.3rd 180-Tex.R.Crim.P.#316,#396b(a)(f)-Fn.#29,#22)

Thus, "Nunc-Pro-Tunc Judgment, Issued By 174th District Court, In Cause# 940376," On "February 11, 2009," (Ex.29), Is "VOID," because "The 174th Trial Court's Plenary Jurisdiction over the Plenary Power," Had "Expired On July 10, 2003," Which Is "Thirty (30) Days After, The Original Correction Judgment Of Judgment, Was" "Signed, By 174th Trial Court Judge Hon. Terrence A. Gaines, On June 10, 2003," And "Said Nunc-Pro-Tunc Judgment, At Best, "Attempts To Correct An Alleged Judicial Error, After" "Expiration Of 174th Trial Court's Plenary Jurisdiction," and/or "Fails, To Correct A Clerical Error," and/or "Said Nunc-Pro-Tunc Judgment," Is "VOID," because "The 174th Trial Court, Refused and/or Denied, Relator Notice Of," and "Hearing On," The "Motion For Nunc-Pro-Tunc Judgment. (Hernandez v Lopez, 288 SW.3d 180 - Ex. #20, "09 - Tx. R. A.P. 326.396)(NFR here)

Therefore, "The Twenty-Five (25) Year Sentence Assessed and/or Imposed In Cause#940376," Is "An Illegal Sentence" And "A VOID Sentence," For "Conviction Of A Third (3rd) Degree Felony," because "The Legal Statutory Range Of Punishment For Conviction Of A Third (3rd) Degree Felony," Is "Two (2-10) Ten Years. (P. 32 Tx. Penal Co. 31 0.31)

Thus, "Cause #940376," "MUST" Be Remanded To 174th Trial Court For "A "New Trial On Punishment / Sentence. (Tx. Penal Co. 31 0.31 - Ex. #20)

Also, "Respondent [Texas First (1st) Court Of Appeals, "MUST" Issue An Order," Or "Issue Writ Of Mandamus, That Directs/Allows The 174th Harris County District Court To Vacate, Set-Aside, and/or Rescind," The "Nunc-Pro-Tunc Judgment, Issued In Cause#940376, On February 11, 2009, (Ex.29 #29) because "Said Nunc-Pro-Tunc Judgment Is VOID," Due To A "Lack Of Jurisdiction In 174th Trial Court. (Hernandez v Lopez, 288 SW.3d 180 - Tx. R. A.P. 326. #26 a, 396(d)(1) - Ex.#20, "09)

Also, 174th Trial Court's Failure To Provide Relator With Notice Of," and A "Hearing On," Said "Motion For Nunc-Pro-Tunc Judgment, Constitutes "A "Denial Of Due Process.

Texas Court Of Criminal Appeals," In "Blanton v State, 369 SW.3d 894, States In Pertinent Part "Before Any Unfavorable Nunc-Pro-Tunc Judgment Are Entered Against A Defendant, The Newly Convicted Must "Be Given Opportunity To Be Present For A Hearing," and "Representation By Counsel To Afford Him Due Process Of Law. (Blanton v State, 369 SW.3d 894 - Shaw v State, 539 SW.3d 887 Tx. R.3d 316)

-ARGUMENT-

## II- NON-CLERICAL ERROR / CONVICTION -II

"The Instrument / Here First (1st) Court To Address," Is, "Hernandez-v-Lopez, 288 SW3d 180," His "Set The President," under, "If The Judgment Is Void," In, "Determine Within Rendition Of Judgment Occurs," and "What Constitutes Judicial Error." (Hernandez-v-Lopez, 288 SW3d 180 - Ft # 22, #29)

"Hernandez-v-Lopez, 288 SW3d 180," States In Pertinent Part: "The Trial Courts Signing Of Judgment," Constitutes, "Its Rendition Of Judgment," And "Because The Error Complained Of," Was "Present In Trial Courts Rendition Of Judgment, On That Day," The "Error If Any," Constitutes "Judicial Error." (Hernandez-v-Lopez, 288 SW3d 180 - Ft # 22, #29)

"When Conflict Exists Between Trial Courts Written Decree," And "Its Oral Pronouncement At Trial," The "Written Decree Controls." (Taylor-v-State, 180 SW3d 793 - Ft # 22, #29 - Allen-v-State, 537 SW2d 267, 269 - Thompson-v-State, 846 SW2d 359, 361 - Eubanks-v-State, 599 SW2d 815, 817 - Mayer-v-State, 757 SW2d 580, 582 - Franis-v-State, 792 SW2d 783, 784 - Ft # 22, #29)

"Error Present, During Rendition Of Judgment," Is "Always Judicial Error," (Which "May Not Be Corrected By Nunc-Pro-Tunc Judgment." (Hernandez-v-Lopez, 288 SW3d 180 - Ft # 22, #29)

"Nunc-Pro-Tunc Judgments, May Not Be Used To Correct Judicial Omissions." (Wanser-v-Co. 62 SW2d 344 - Acc.St # 315 - Ft # 22, #29 - Hernandez-v-Lopez, 288 SW3d 180)

"Even An Incorrect Or Unlawful Rendition Of Judgment," Does "Not Constitute An Error," In "Entry Or Rendition Of Judgment That Can Be Corrected By Nunc-Pro-Tunc Judgment." (Hernandez-v-Lopez, 288 SW3d 180 - Ft # 22, #29)

Thus, "The 114th Trial Courts Signing Of Judgment," Constitutes "114th Trial Courts Rendition Of Judgment, In Cause #946-376," and "Because The Error Complained Of, to wit; How To Both Indictments And Evidence On Both Indictments, Was Present In 114th Trial Courts Rendition Of Judgment, On That Day, Of "June 30, 2003", The "Error If Any," Constitutes "Judicial Error." (Hernandez-v-Lopez, 288 SW3d 180 - Ft # 22, #29 - Taylor-v-State, 180 SW3d 793 - Allen-v-State, 537 SW2d 267, 269 - Thompson-v-State, 846 SW3d 359, 361 - Eubanks-v-State, 599 SW2d 815)

The "Original Written Notation Of Judgment Of Judgment In Cause #940376, Notes N/A" That, "Plea To 'Both' Enhancements, And "Finding On 'Both' Enhancements, Were "(N/A) "Not-Applicable", (R.#77) And "Said Written Notation Of Judgment In Cause #940376, Was "The Result Of Judicial Determination, And/or Judicial Reasoning, By "144th" Trial Court Judge George H. Godwin, On June 10, 2003, (R.#77) to wit; "State Attempted To Use Texas Penal Co.§25.07 (g) And/or Indictment's Allegation Of Assault, By Threat Of Imminent Bodily Injury, By Threatning Complainant Wing A Deadly Weapon Namely A Knife, To "Convert The Instant Offense Of Violation Of Protective Order, Which Is "A Class-A Misdemeanor", Into A "Third Degree (3rd) Felony", So That The Written And General Allegations In Indictment Could Be Utilized, (E.G. T. Pen Co.§25.07 (g) This Failed Due To Testimony And Evidence Adduced At Trial, That "Fails" To Support Indictment's Allegation Of A Deadly Weapon, And "State Abandoned", And "144th" Trial Court Failed, To Charge Petitioner Jury On "The Deadly Weapon Issue", As "Proven Conclusively" By "1st District Texas First (1st) Court Of Appeals, In Robertson v State, 175 S.W. 3rd 359 @ 365, (Cause #01-03-00633 CR ) Which States The Petitioner Note: "Allegation Of The Words 'A Deadly Weapon' In The Indictment ... Were Omitted From The Jury Charge. (Robertson v State, 175 SW 3rd 359 @ 365-E.G.#20, 29 T. Pen Co.§25.07(g) Therefore, "144th" Trial Court Judge George H. Godwin, "Correctly" Construed And/or Determined, That "Without Proof Of Deadly Weapon", There "Fails To Be Proof Of Threat Of Imminent Bodily Injury", And "Without Proof Of Threat Of Imminent Bodily Injury", There "Fails To Be An Assault", And "The Alleged Offense Of Violation Of Protective Order, Is A "Class-A Misdemeanor". (E.G.#20, #29-T. Penal Co.§25.07(g)-Robertson 175 SW 3rd 359@365) Punishment For A Class-A Misdemeanor, "Cannot" Be Enhanced By Any Penal Offense Statute, Which "Is Applicable ONLY To Felonies, By Its Express Terms." (Martin v State, 993 SW 2nd 879 @ 833-T. Penal Co. §25.07(g) E.g.#20 #79-Robertson 175 SW 3rd 359@365) Thus "144th Trial Court Judge George H. Godwin's, Original Written Notation Of Judgment Arose From Judicial Determination, Judicial Reasoning", "Fails To Be Clerical Error, or Non-Clerical Error" "Corrections Are (Nunc-Pro Tunc) Limited To Clerical Errors, And Are Not Available For Errors Involving Judicial Reasoning. (Alvarez v State, 309 SW 3rd 594 @ 598-T. Penal Co.§25.07(g) E.g.#20 #79 Robertson v State, 175 SW 3rd 359 @ 365-T.R.C.P.#316, And §309b (c)(4)

The "Respondent/Texas First (1st) Court Of Appeals Has," Inexplicably/Concurrently "Failed To Inform, This Court," That "The Original Written Rendition Of Judgment In Cause #940376," (Ex. #22) "Indicates That The Plea To Both Enhancement) Paragraphs" Were "Determined To Be, (N/A) Not-Applicable," (Ex. #22 - To Penal Co. §5.07(g) E.G.) Also.

The Entry Of Judgment Nunc-Pro-Tunc On February 12, 2009," Alters, The Original Written Rendition Of Judgment, In Cause #940376," To "Reflect/Indicate, The Plea To Both "Enhancement Paragraphs," Was "Not-True" (Ex. #22, #29)

When Deciding Whether An Error In A Judgment, Is Judicial Or Clerical, A Court "Must" Look To The Judgment Actually Rendered Not The Judgment, That Should, Or Might Have Been Rendered." (In Re: Fuselier. 56 S.W. 3rd 265, Tx. First C.O.App. Ex. #22 #29) (Hernandez-v-0Az, 288 S.W. 3rd 180

"An Incorrectly Rendered Judgment, Cannot "Be Altered When The Written Judgment, Precisely Reflects, The Incorrect Rendition." (Alvarez-v-State Court Of Appeals Of Texas 977 S.W. 3rd 590 - Ex. #22, #29, E.G. Hernandez-v-0Az. 288 S.W. 3rd 180

Any Presumption That Judge Ruben Guerrero, "Who "Signed Said Nunc-Pro-Tunc Judgment" "Relied On Judge's Personal Recollection Is Rebutted By Evidence And/Or Fact," That "Judge Ruben Guerrero, Failed," To Be The 174th Trial Court Judge, In Cause #940376 On June 20, 2003 (Ex. #22) In Fact," Judge Ruben Guerrero Became 174th Trial Court Judge, In January 2009", (Ex. #22, #29) And "Never Presided Over Cause #940376. "Relator Respectfully Moves This Court, To "Take Judicial Notice", Of The Following:

① Nunc-Pro-Tunc Judgment (Ex. #29) Fails To State The Offense Of Conviction. (Ex #29)

② Nunc-Pro-Tunc Judgment (Ex. #29) Fails To Be Signed By Judge George H. Goodwin, Whose Name Is Printed. (Ex. #29)

③ Certified Document Number, On Original Written Rendition Of Judgment, Is #15439435, And "Certified Document Number, On Nunc-Pro-Tunc Judgment, Is #41069959; Certification Number's Differ. (Ex. #22, #29)

④ Original Written Rendition Of Judgment In Cause #940376, Signed By The 174th Court Judge George H. Goodwin, On June 20, 2003 and Nunc-Pro-Tunc Judgment, In Cause #940376, Signed By The 174th Court Judge Ruben Guerrero, On February 12, 2009," (Ex. #22, #29, In Ref. to 329.610 ... )

# III - ABUSE OF DISCRETION - III
## (By 174th Harris County District Court)

The "Original Written Judgment In Cause #940376" (R.#32) Was Entered and Signed, By 174th Trial Court Judge (George H. Godwin), "On June 10, 2003". (R.#33)

Said "Nunc-Pro-Tunc Judgment In Cause #940376" (R.#39) Was Entered and Signed, By The "New" 174th Harris County Dist. Court Judge (Ruben Guerrero), "On February 11, 2009. (R.#39)

The "Law", to wit; Texas Rules of Civil Procedure, Rule #329b(d), States In Pertinent Part: "Trial Court, Regardless Of Whether An Appeal Has Been Perfected, Has Plenary Power To Grant A New Trial, Or To Vacate, Modify, Correct, Or Reform The Judgment WITHIN (30) Thirty Days". AFTER, The Judgment Is Signed. (Tex.C.P.#329b(d) - R.#32, #39)

The "Law", to wit; Texas Rules Of Civil Procedure, Rule #329b(f), States In Pertinent Part: "On Expiration Of Time Within Which The Trial Court Has Plenary Power A Judgment CANNOT Be Set-Aside By The Trial Court Except By A Bill Of Review For Sufficient Cause, Filed Within The Time Allowed By Law; ... Court May At Any Time Correct A Clerical Error In The Record Of A Judgment, and Render Judgment By Nunc-Pro-Tunc, Under Rule #316. (Tex.C.P.#329b(f) - Ex. #39)

The "Law", to wit; Texas Rules Of Civil Procedure, Rule #316, States In Pertinent Part: "Clerical Mistakes, In The Record Of Any Judgment, May Be Corrected By The Judge In Open Court ... After Notice Of The Motion Thereof, Has Been Given To The Parties Interested In Such Judgment, As Provided In Rule "21a", And "Thereafter, The Judgment Shall Conform To The Judgment As Rendered. (Tex.C.P.#316 - Ex. #39, #23)

"Trial Court Has No Discretion In Determining What The Law Is, Or Applying The Law To The Facts." (Walker v. Packer, 827 S.W.2d 833 - Tex.C.P.#316, 329b(d) - Ex. #32, #39)

Exhibit #23 Memorandum Opinion, By Respondent / Texas FIRST (1st) Court Of Appeals, Provides Conclusive Proof, Of The "FACT", That "174th Harris County District Court FAILED, To Provide Relator With Notice Of", And/Or "A Hearing On", Their "Nunc-Pro-Tunc Motion". (Ex. #23, #32, #39 - Tex.C.P.'s 316, 329b(d)(f))

"Statutory Requirement That Defense, Enlarges, Or Restricts, The ... 'Right A Court May Afford, Is A Jurisdictional Statutory Requirement." (Mora-Whitaker, 317 S.W.3d 797-T.R.C.P.# 316, # 309b(d)(4), # 51 a-F.# 73, # 22, # 79)

"Trial Court's Nunc-Pro-Tunc Cause Proceedings'... 'Was A Nullity,' As 'Parties Were 'NOT' Given Notice." (Holland v. Holland, 357 S.W.3d 192-T.R.C.P.# 316, # 51a, # 309b(d)(4) "Pursuant To Texas Rule Of Civil Procedure Rule # 316," "Regardless Of Whether The Error Complained Of, Is 'Clerical Error.'" Said "Nunc-Pro-Tunc Judgement In Cause # 140376, Entered On September 11, 2014," Is "VOID" Because "174th Harris County District Court, 'FAILED' To "Provide Relator With Notice Of Motion For Nunc-Pro-Tunc Judgement,' As 'Required By Law,' to wit: Texas Rule Civil Procedure # 316" (T.R.C.P.# 316-F.# 73, # 22, # 79)

"Failure To Comply With A Jurisdictional Statutory Requirement,' Is 'A Defect That Goes To The Trial Court's Subject-Matter Jurisdiction." (Mora v. Jackson, 317 S.W.3d 797-T.R.C.P.# 316, # 51a, # 309b(d)(4)-F.# 22, # 73, # 79)

"Writ Of Mandamus Will Issue... 'If Trial Court' 'FAILS' To Observe A Mandatory Statutory Provision, Conferring A 'Right Or Forbidding A Particular Action.' In Those Instances, Trial Court's Discretion, Fails To Be Involved, And 'It's (Trial Court) Failure To Comply With The Mandatory Provision, Causes It's Judgement, Or Order,' To Be, 'VOID'" (State Ex Rel. Rogers, 236 S.W.3d 115-F.# 73, # 22, # 79-T.R.C.P.# 316, # 51a, # 309b(d)(4))

Thus, 'Because 174th Trial Court' 'Failed' To 'Provide Relator With Notice Of Said Nunc-Pro-Tunc Judgement,' As 'Required By T.R.C.P. Rule # 316,' Then 'Said Nunc-Pro-Tunc Judgement Is Void' Because "174th Trial Court 'LACKED' SUBJECT-MATTER JURISDICTION.' (T.R.C.P.# 316)

"174th Trial Court 'Lacks' Discretionary Have Involved 'Only One Avenue' to wit; "Vacate and Set-Aside, Said Nunc-Pro-Tunc Judgement." (State Ex Rel. Rogers, 236 S.W.3d 115-T.R.C.P.# 316)

"Trial Court 'FAILS' To Have Discretion To 'Refuse To Set-Aside A Void Judgement,' But 'Has A Duty To Do So, At Any Time, Once Such Matter Is Brought To It's Attention." (Mora v. Jackson, 317 S.W.3d 797-F.# 73, # 22, # 79-T.R.C.P.# 316, # 309b(d)(4))

"Clear Failure By Trial Court, To Analyze, Or Apply The Law Correctly, Will Constitute An Abuse Of Discretion." (Walker v. Packer, 827 S.W.2d 833-T.R.C.P.# 316, # 51a, # 309b(d)(4)-F.# 22, # 79)

"174th Trial Court 'Failed' To Analyze," Or "Apply The Law Correctly To The Facts," to wit, "174th Trial Court 'Failed,' To "Consider And/Or Comply With," Or "Abide By The Respondent Texas First (1st) Court Of Appeals Decision," In "Hernandez v. Lopez, 288 S.W.3rd 180," Which States In Pertinent Part:

"Trial Court's Signing Of The Judgment," Constitutes Trial Court's Rendition Of Judgment, And 'Because The Error Complained Of,' Was 'Present In Trial Court's Rendition Of Judgment On That Day, The 'Error, If Any,' Constitutes Judicial Error. (Hernandez v. Lopez, 288 S.W.3rd 180-Fr. #33, #39, #73)

Thus, Respondent Texas First (1st) Court Of Appeals," In "Hernandez v. Lopez, 288 S.W.3rd 180," Has 'Set The Precedent, And/Or 'Set The Standard Of Review, To "Determine When Rendition Of Judgment Occurs," And "What Constitutes Judicial Error. (Hernandez v. Lopez, 288 S.W.3rd 180-Fr. #33, #39, #73)

"Error Present, Before Rendition Of Judgment, 'Is 'Always Judicial Error,' Which 'May Not Be Corrected By Nunc Pro-Tunc Judgment. (Hernandez v. Lopez, 288 S.W.3rd 180-Fr. #33, #39, #73)

So, "174th Trial Court's Signing Of The Judgment," In Cause #940376 On June 10, 2003, Constitutes "174th Trial Court's Rendition Of Judgment In Cause 940376, And "Because The Error Complained Of," to wit," New To Both Enhancement Paragraphs, And 'Enhanced On 'Both Enhancement Paragraphs, Was 'Present In Trial Court's Rendition Of Judgment, (At That Day)" Of "June 10, 2003, The "Error, If Any, Constitutes, "Judicial Error. (Hernandez v. Lopez 288 S.W.3rd 180-Fr. #33, #39, #73)

"Nunc Pro-Tunc Judgment, That 'Attempts To 'Correct A Judicial Error, 'AFTER' Plenary Jurisdiction, Has Expired, 'Is 'VOID' (Jones v. Cities Service of Dallas, 328 S.W.3rd 475-Hernandez v. Lopez 288 S.W.3rd 180 Fr. #33, #39) Thus, 'Said Nunc Pro-Tunc Judgment Is Void/Voidable Judgment.

"When Conflict Exists, Between Trial Court's Written Order, And It's Oral Pronouncement At Trial, The 'Written Order Controls. (Coffey v. State, 180 S.W.3rd 793-Fr. #33, #39-Nolan v. State, 537 S.W.2nd 367, 369-Hughen v. State, 896 S.W.2nd 359, 361-Eubanks v. State, 599 S.W.2nd 815, 817-Munoz v. State, 787 S.W.2nd 580, 582-Flores v. State, 743 S.W.3rd 183, 184)

Thus, "Said Nunc-Pro-Tunc Judgment", Is "VOID", Because "It Attempts To Correct" If Anything It At All, A Judicial Error, (Hernandez-Lopez 258 S.W.3d 180-Ft.#23,#39) "Nter Correction Of Trial Courts Hearing Error" (Computation House-v-County Auditor 208 S.W.3d 475-Hernandez-Lopez 258 S.W.3d 180-Ft.#23,#39-Texs.R.1.d 319 held Ft.

Thus, "174th Trial Court Could Have Expressly Enacted Only One Decision, 'To wit'; Where Must Have Set-Aside, Said Nunc-Pro-Tunc Judgment. (Hernandez-Lopez 258 S.W.3d 180-Ft.#33,#39)

"Mandamus Will Issue To Compel Trial Court To Set-Aside A Void Order" Because "Vacate A Void Order, Is Necessarily An Abuse Of Discretion, For Which The Ordinary Appellate Remedy Is Inadequate" (In re-v-Stroud 938 S.W.3d 33, 35-Ft.#23,#39 Hernandez-v-Lopez 258 S.W.3d 180-Custom Cntr. Warehouse County Of Dallas, 208 S.W.3d 475 Ref.#316,#319 Ft.

"Thus, Failure By Trial Court To Analyze, Or Apply Law Correctly (To The Facts) Will Constitute, An Abuse Of Discretion." (Walker-Packer 807 S.W.2d 833-Joachim-v-Chambers 815 S.W.2d 234, 240-Ft.#23,#39,#23-Tex.R.C.1.#316,#319 held Ft.) (See-Hernandez-Lopez 258 S.W.3d 180-Custom Cntr. Warehouse Dallas County, 208 S.W.3d 475)

## -ABUSE OF DISCRETION-
(By Respondent/First(1st) Court Of Appeals)

"Relator Respectfully Moves The Court To 'TAKE JUDICIAL NOTICE' Of The 'Fact'; That The Respondent Texas First(1st) Court Of Appeals Abused Its Discretion, By Refusing And/or Failure, To Request A Response, When The 174th Harris County District Court Corrected Its Matter, Thus, It's INAPPROPRIATE, For Relator To Exclude The Judgment And Timely Produced Record Of 174th Trial Court From Which Must Try Court Of Appeals Was Subject, And "Relator Could Has Only Inclusion Except#39 'to wit'; Certified Document #41069959 Nunc-Pro-Tunc Judgment Rendered On Foreclosure Of 2009, By 174th Harris County District Court In Cause#940376.

As Stated Earlier By Relator, The 174th Harris County District Court 'FAILED' To Provide Relator With Notice Of, Said Nunc-Pro-Tunc Judgment, And" Said Failure To Notify Relator, Has Been Verified, And/or Corrected By Respondent Texas First(1st) Court Of Appeals, In Event #23. Mandamus Raised In Cause#-01-14-00466-CR. (Ref.#23,#39)

"Petitioner thus First (1st) Claim of March," Demonstrates That Said Nunc-Pro-Tunc Judged FAILS "To Be "VOID". Is "Erroneous/Incorrect" And Manifests A Clear Failure To Analyze Or Apply The Law Correctly," Which Constitutes An Abuse Of Discretion (Whereunder 37 under 33)

"Texas Rules Of Civil Procedure Rule #316," Allows "Correction Of Clerical Mistakes In The Judgment," "After Notice Of The Motion Therefor Has Been Given To The Parties Interested In Such Judgment, As Provided In Rule #21a" And "Thereafter The Execution Shall Conform To The Judgment, As Reformed. (T.R.C.P. #316)

"Petitioner Thus Goes Here To Manifests His Necessity In It's Manifurance Between here at 33 That "174th Western Trial Court, "Failed "To Provide Petitioner With Notice Of Motion, For Nunc-Pro-Tunc Judgment." (R. #738, #5, #6. T.R.C.P. #316)

"Statutory Therefore That Reforms, Enlarges, Or Distracts," The... "Relief Allowed Any Award Is A Jurisdictional Statutory Requirement. (Reformation 12 S.W. 3rd 797- (R.23, 25, 31- T.R.C.P. #306)

"Failure To Comply With A Jurisdictional Statutory Requisite, Is A Defect That Goes To The Trial Court's Subject-Matter Jurisdiction." (Mapco-Jackson, 31-2 S.W. 3rd 707- T.R.C.P. #316- R.23, 33, 39)

Thus, "174th Trial Court's FAILURE" To Place A Petitioner With A Notice Of Said Motion For Nunc-Pro-Tunc Judgment," As "Deprived 174th Court Of Subject-Matter Jurisdiction," And "Said Nunc-Pro-Tunc Judgment," "Is "VOID."

"Lack Of Subject-Matter Jurisdiction," Renders A Judgment, "VOID." (Mullen-Moos, 87 S.W. 3rd 313-T.R.C.P. #316.- R.23, 33, 39)

"A Writ Of Mandamus Will Issue... "If Trial Court "FAILS," To Observe A Mandatory Statutory Provision Conferring A Right, Or Forbidding A Particular Action." In These Instances, Trial Court's Discretion, Is Not Involved and It's Trial Court's Failure To Comply With The Mandatory Provision, Renders It's Order Or Judgment," To The "VOID." (Ex-parte R., ex-parte 116 S.W. 3rd 115- T.R.C.P. #316-R.23, 33, 39)

Thus, "Said Nunc-Pro-Tunc Judgment Is VOID," And MUST Be Set-Aside and/or VACATED, And "Original Written Judgment Of Judgment (R. #22 Is Valid," And Finds To Have Their Finding On 24th Emancipation Paragraphs and "Twenty-Five (25)...Were Sentence Rendered...thus said I-Court at, except for "Guidelines At Each Degree Felony "Is A Void Political Partition, and Cause #940-376 Must Be Remanded to 174th Trial Court, For New Trial, Or Hearing On Issuance of "Sentence, "(Reason. yes Sentence, Set To R.23-34 And T.R.C.P. #316, "216 held VF...

"Respondent Texas First Court Of Appeals' Determination That Allegid "Error Complained Of," But "Plead To Both "Enhancement Paragraphs", And "Founded Guilty On Both "Enhancement Paragraphs," FAILS "To Be "Judicial Error," Is "An Incorrect Determination, And "Rejects Defts. And/Or Conclusion, The "Respondent Texas First Court Of Appeals" Own Decision, In "Hernandez v. Lopez 288 S.W. 3rd 180" And/Or "Hudson v. State 896 S.W. 2nd 359, 361" And/Or "Manz v. State, 787 S.W. 2nd 580, 582" And "Texas Court Of Criminal Appeals, "In Nolan v. State, 537 S.W. 2nd 267, 269, And "Eubanks v. State 599 S.W. 2nd 815, 817.

"Respondent Texas First Court Of Appeals" Has "Set The Precedent, And/Or "Set The Standard Of Review, To "Determine When Rendition Of Judgment Occurs, And What Constitutes Judicial Error". (Hernandez v. Lopez 288 S.W. 3rd 180 - It. 35, #39)

"Hernandez v. Lopez 288 S.W. 3rd 180," States In Pertinent Part:

Trial Court's Signing Of The Judgment, Constitutes "Trial Court's Rendition Of Judgment," And "Because The Error Complained Of," Was "Present In Trial Court's Rendition Of Judgment, In That Way," The "Error, If Any," Constitutes Judicial Error." (Hernandez v. Lopez 288 S.W. 3rd 180 - It. 35, #39)

"Error Present, Durning Rendition Of Judgment, "Is "Always Judicial Error," Which "May Not Be Corrected, By Nunc-Pro-Tunc Judgment." (Hernandez v. Lopez 288 S.W. 3rd 180 - It. 35, #39) And And Respondent Texas First Court Of Appeals" Urged That It Release On Remittitur, In Appellate Cause #01-13-00633-CR, "Is "Contrary To Respondent Texas First Court Of Appeals Own Decision, In "Hudson v. State, 896 S.W. 2nd 359, 361, Which States, In Pertinent Part:

"Written Order Of Court, Controls Over An Oral Pronouncement. "When A Conflict Exists, Between A Trial Court's Written Order," And "Its Oral Pronouncement At Trial," The "Written Order Controls". (In Gerkin v. State 180 S.W. 3rd 743 It. 23, #39 - Nolan v. State 537 S.W. 2nd 267. 269)

"This Is Particularly True, When The Written Order, Is Included In The Written Record, And No Issue Is Raised As To Its Accuracy. (In Gerkin v. State 180 S.W. 3rd 743 - Nolan v. State, 537 S.W. 2nd 267, 269 - It. 22, 39 Eubanks v. State, 599 S.W. 2nd 815, 817)

"Texas Court Of Criminal Appeals, Has "Agreed That Written Order Controls, In "Nolan v. State 537 S.W. 2nd 267, 269, And "Eubanks v. State 599 S.W. 2nd 815, 817.

"Relator, Respectfully Moves This Court To "Take Judicial Notice", Or "Note" That "Original Written Rendition Of Judgment Was Signed June 10, 2003," And Said Nunc-Pro-Tunc Judgment Was Issued On February 11, 2009," Some "Five-Six (5-6) Years After 174th Trial Court Lost Plenary Power Over Cause #940376," And "Long After Relator's Direct Appeal Remedy Was Exhausted, Exhausted, As Well As Habeas Corpus, And 3054 Through Various Post-Conviction Remedies." Compare Ex Parte: Nelson State 537 S.W.3d 267, 269 - Eubanks v. State 599 (N.S.3d) 815, 817 [Tx.R.App. 36, 304(4)]

Thus 174th Trial Court Rendered Judgment In Cause #940376, When Trial Court Judge Crawford A Crowson, Signed The Original Written Rendition Of Judgment On June 10, 2003, And "As Such Compliance Or If Any Issue At All", Is "Judicial Error" And "Said Nunc-Pro-Tunc Judgment Is Void", Because "It Attends To Correct If Anything At All A Judicial Error, At The Inception Of Trial Court's Plenary Power Jurisdiction." Ex. Parte: Hernandez v. Lott 258 S.W. 3rd 980 - In Re: In Re Fogg, 56 S.W.3rd 965 - Nelson State 537 N.V.3rd 267, 269 Eubanks v. State, 599 S.W.3rd 815, 817 [Tx.R.App. 316, "304(6)(d)(4)]

## IV- FAILURE TO PERFORM A MINISTERIAL DUTY - IV

"Said Nunc-Pro-Tunc Judgment", Is "Void", Due To "Lack Of Subject-Matter Jurisdiction, Failure To Comply With A Mandatory Judgment Statutory Prerequisite (Notice)" and/or "The Attempt To Correct A Non-Clerical (Judicial) Error. If Anything At All", "After Inception Of 174th Trial Court's Plenary Power Jurisdiction Over Cause #940376 (R. # #39-Tx.R.Ap. 316, #304(6)(4)(4)

Thus, "Action Sought To Be Compelled", to wit; For 174th Trial Court To Vacate And/Or Set-Aside The "Void" Nunc-Pro-Tunc Judgment, Rendered Feb. 11, 2009 In Cause #940376, "Is A Ministerial Duty.

"Trial Court" (Fails To Have) Has "NO" Discretion To Refuse To Set-Aside Void Judgment, But, "Has A Duty To Do So At Any Time That Such Matter Is Brought To Its Attention." McCroy v. Jackson, 202 S.W.3rd 797 - Tx. # #39 - Tx.R.Ap. 304(6)(4) - Ex. Hernandez 258 S.W.3rd 180)

Thus, "Respondent Texas First Court Of Appeals Should Have Granted Mandamus Relief."; Because "Relator Is Entitled To The Mandamus Relief Herein, Sought To Be Compelled."

Yet Is Mandamus, If It Fails To Justify, The Exercise Of Discretion Under Stare Seat, Forrest 142 S.W.3rd 497 Tx.R.Ap. 316, No. #294(6)(4)- Ex. #25, #39 - Hernandez v. Lott, 258 S.W.3rd 180)

Thus, "Respondent Texas First Court Of Appeals Had Hand Has A Ministerial Duty To Grant Mandamus Relief Sought, to wit; Order 174th Trial Court To Vacate Set-Aside Said Nunc-Pro-Tunc Judgment, As Respondent Fails To Perform Its Ministerial Duty.

## I- No Adequate Remedy By Appeal -I

"Relator Was Denied Notice Of guch "Hearing" So As To Have The True Notice Thereof For "Inversion, The Absencoln Feb. 11, 2009 And "When Relator Received Notice Of It Was About The True Judgment, So Because Any Attorney Dies The "Four Corners To Grant Notice On Appeal, Or A "File My-Type Appeal, How Can Any, Thus "Relator Lacks Adequate Remedy To Appeal. Thus, "Because Such Nunc-Pro-Tunc Judgment, Is "Void, The Relator Is Not Required To Render Trial Court Has No Adequate Remedy By Appeal."

"If Any Instrument Challenged As Being Either Erroneous, Is "Void, "Or "Being Void, Not "Then Has "A Lacks No Adequate With Other Remedy." Cole v. Smith In Re: Johnson 276 S.W.3d 115 - I. H. Small 916 S.W.2d 505 T.X. Cr. #346, "Sec. "3396(A)(4) - R. 33, "39 Williamson v. Lorie, JIS S.W.3d 180

"Mandamus Will Issue To Vacate, A Void Order, "Even "When There Is "No Adequate Absolute Remedy Flake: Flores, 355 S.W.2d 847 T. K.: Adam, 376 S.W.3d 592 - T.X.: Cross Moping Crim. 1 Apps, 164 S.W.3d 800 - T.X. Cr. Apps 346, "Sec. "3396(A)(4) - R. 33, "39 '83 - Williamson v. Lorie, 208 S.W.3d 180

## II- No Adequate Remedy By Law -II

"Relator Has No Other Adequate Remedy By Law, To "Challenge Said Nunc-Pro-Tunc Judgment", And To "Seek Review Of Court Of Appeals Decision In Cause #01-14-00166-CC And "Because "I Cannot Sue Again My Court Of Appeals Decision, In Cause #01-14-00166-CC IN R.J. Motion For Discretionary Executions "Mandamus Is The Only Remedy Thomas v. State, 693 S.W.2d 734 T. K. '83 '83 '23, Thus, "Because Nunc-Pro-Tunc Judgment, Is Void, The Relator Is Not Allowed To Pursue Other Available Remedies, "Coll. v. State 258 S.W.2d 308 - Justice Hon. Harris, Huffman 693 S.W.1d 603 -R. 33, "39

"Relator Cannot Sue Review Of Court Of Appeals Decision To Deny "Mandamus Relief By Review The Discretionary Review."

→PRAYER→ "Wherefore Premises Considering Relator Prays That "His Court Shall "Order The Court Of Appeals Judgment In Cause# 01-14-00166-CC Be Reversed, And "Or Or Reversing Thas First Court Of Appeals To Issue By Order In Writ Of Mandamus, That The Trial Judges In "174th Harris County District Court, To "Vacate, I Set Aside Nunc-Pro-Tunc Judgment, Because Nunc-Pro-Tunc Judgment, Issued Feb. 11, 2009 In Cause #940376 Is "Void," And "Remit Remand Relator Back To Harris County For New ▮▮▮▮ Punishment Hearing, Because, "Because The Enhance Or Prior Convictions Are Void, The Twenty-Five (25) Year Sentence Imposed, And The Assessed The Court Could, A Three (3rd) Degree Felony, Is A New Sentence," As Well As Any, And All Other Lesser Relief Relator May Be Entitled To, As A Matter Of Law"

_[signature]_

P. #22

## -CERTIFICATION-

"I, Theo Lawrence Robertson, #2175868, Certify That I Have Reviewed This Petition, And Concluded That Every Factual Statement, In This Petition, Is Supported By Competent Evidence, Included In The Appendix, Or Record."

Theo L. Robertson -(Pro-Se)

## -APPENDIX-

① Exhibit #22 - Original Written Rendition Of Judgment, In Cause #940,376; Signed By The 174th Trial Court Judge George H. Goddard, On June 10, 2003 - Certified Document #154139435

② Exhibit #39 - Nunc-Pro-Tunc Judgment In Cause #940376, Issued February 11, 2009; Signed By New 174th District Court Judge Ruben Gurerro - Certified Document #41069959

③ Exhibit #73 - Memorandum Opinion, In Cause #01-14-00466-CR; Issued By The Respondent/Texas First Court Of Appeals, On September 04, 2014

④ Texas Rules Of Civil Procedure, Rule #316 - Correction Of Clerical Errors In Records:
"Clerical Mistakes In The Records Of Any Judgment, May Be Corrected By The, In Open Court;... "After Notice Of The Motion Therefore, Has Been Given To The Parties Interested In Such Judgment, As Provided In Rule #21a, and Thereafter The Execution Shall Conform To The Judgment As Amended."

⑤ Texas Rules Of Civil Procedure, Rule #21a - Methods Of Service:
"Every Notice Required By These Rules, And Every Memorandum, Plea, Motion, Or Other Form Of Request, Required To Be Served Under Rule #21,... "May Be Served By,... "Certified Or Registered Mail To Party's Last Known Address."

⑥ Texas Rules Of Civil Procedure, Rule # 329 b(d) - Time For Filing Motions:

"Trial Court, Regardless Of Whether An Appeal Has Been Perfected, Has Plenary Power To Grant A New Trial Or To Vacate, Modify, Correct Or Reform The Judgement "Within Thirty (30) Days" "After" The Judgement Is Signed."

⑦ Texas Rules Of Civil Procedure, Rule # 329 b(f) - Time For Filing Motions:

"On Expiration Of Time Within Which Trial Court Has Plenary Power, A Judgment Cannot Be Set-Aside By Trial Court Except By A Bill Of Review, For Sufficient Cause Filed Within The Time Allowed By Law; ... Court May, At Any Time, Correct A Clerical Error In The Record Of A Judgement, And Render Judgement By Nunc-Pro-Tunc, Under Rule # 316."

## Certificate Of Service -

"I, Ted L. Johnston, # 2145868, Being Presently Confined At Michael Unit, Of T.D.C.S., Declare Under Penalty Of Perjury That The Foregoing Is True And Correct, And That A True And Correct Copy Of This Document, Was Sent By Regular U.S. Mail, To The Respondent Texas First Court Of Appeals, "To Clerk, Mr. Christopher A. Prine", Addressed To: Texas Court Of Appeals, First District, 301 Fannin St., Houston, Texas 77002-2066 By Depositing Same Said Document, In Michael Unit's Internal Mail, Being Placed, On, January 05, 2015.

(Ted L. Johnston - (Pro-Se))

-C.C.A.# 01-14-00166-CR-
-Trial Court Cause #946316-

-Affidavit Of Inability To Pay Costs-

"The Following Affidavit, Is Made Pursuant To The 'Texas Rules Of Civil Procedure, Rule #145; And the Title #6, Chapter 132, Of Texas Civil Practice And Remedies Code:

Now Respectfully Comes Relator, Troy Lashun Kent #1175868 And 'Declares That I Am Unable To Pay The Court Costs, In This Civil Action, And 'Requests Of The Court To Proceed In Forma Pauperis'; In This Civil Action, And Would Show The Court, For Following:

① I Am Presently Confined At Maximal Unit, Of T.D.C.J., 'Where I Am 'Not' Allowed To Earn, Or Handle Money;'

② I Have 'Zero' Current Employment Income,

③ I Have 'Zero' Government Entitlement Income,

④ I Have 'Zero' Source Of Other Income,

⑤ I Have 'Zero' Spousal Income,

⑥ I Currently 'Zero' Dollars, Credited To My Inmate Trust Fund,

⑦ I Have 'Zero' Cash,

⑧ I Have 'Zero' Checking, Or Savings Accounts,

⑨ I Have 'Zero' Stocks, Insurance, And/or Trust Fund,

⑩ I Have 'Zero' Other Assets,

⑪ During Relator's Confinement In T.D.C.J., Relator Has Received Approximately, ($37.°°) Thirty-Seven Dollars, Per Month; As Gifts From Family And/or Friends;

⑫ I Neither Own, Nor Have Interest, In Any Realty, Stocks, Bonds, Or Bank Account, And 'I Have Received 'Zero' Interest, Or Dividends Income From Any Source,

⑬ I Have 'Zero' Dependants, Other Than My Self,

⑭ I Have, Total Assets, Of Approximately ($4,000.°°) Four Thousand Dollars,

⑮ I Owe Approximately ($500.°°) Five-Hundred Dollars, In Court Costs,

⑯ I Have Monthly Expenses, Of Approximately ($75.°°) Seventy-Five Dollars,

⑰ I Have 'Zero' Ability To Obtain A Loan, For Court Costs,

- Trial Court Cause # 946376 -

- AFFIDAVIT OF INABILITY TO PAY COSTS - (Cont's)

(18) No Attorney, Is Providing Their Legal Service To Relator, With Or Without A Contingent Fee.

(19) No Attorney, Has Agreed To Pay For Advance Court Costs."

"I AM UNABLE TO PAY THE COURT COSTS. I VERIFY THAT THE STATEMENTS, MADE IN THIS AFFIDAVIT, ARE TRUE AND CORRECT."

January 07, 2015

_(signature)_ (Pro-Se)